IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAMIREZ CORTES, JORGE,<br><br>       Petitioner,<br><br>  vs.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; Department of Homeland Security.<br><br>       Respondents. | 8:26-cv-00419<br><br>THE UNITED STATES' RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS |

## **INTRODUCTION**

Currently in separate removal proceedings before the Executive Office of Immigration Review's Immigration Court, Petitioner, an undocumented alien, asks this Court to immediately release Petitioner from detention in immigration court or, alternatively, order the immigration court to conduct a bond hearing. Petitioner thereby petitions this Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

As an alien who is present in the country but not admitted, Petitioner is deemed an applicant for admission and subject to mandatory detention pending removal proceedings. 8 U.S.C. § 1225. This is settled in the Eighth Circuit by *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), *rehearing en banc denied*, 2026 WL 1746744 (June 17, 2026). Despite Petitioner's contention, that he was arrested in the Midwest and not near any United States border does not negate any of the elements of 8 U.S.C. § 1225, which were broadly interpreted by the Eighth Circuit, mandating his detention pending removal proceedings. And, detention pending removal, even for lengthy removal

proceedings, is constitutional. *See Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024); *See Demore v. Kim*, 538 U.S. 510, 531 (2003). Because Petitioner cannot show the detention violates the law, the Petition must be dismissed.

## BACKGROUND

Petitioner is a native of Mexico. (See Filing No. 1, p.4 ¶ 9). Petitioner entered the United States at or near Nogales, Arizona Port of Entry on February 14, 2021. (See Filing No. 8 at ℙ 14). Petitioner was offered voluntary return to Mexico by the United States Border Patrol agents and Petitioner returned to Mexico on February 14, 2021. (*Id.*). On July 6, 2026, Petitioner was located and arrested during a traffic stop in Omaha, Nebraska. (See Filing No. 8 at ℙ 16 - 19). During the traffic stop, Petitioner admitted to being a citizen and national of Mexico without the proper documentation to legally remain in the United States. *Id.* Petitioner was served with a warrant and transferred to ICE custody and placed in removal proceedings for being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."). (See Filing No. 8 ℙℙ 10, 18, 22, 24, Filing No. 8-B). No examining immigration officer has determined that Petitioner is clearly and beyond a doubt entitled to be admitted. (*Id.* at 24, Filing No. 8-B).

Petitioner was served with an I-862 (Notice to Appear) and paroled pending an INA § 235(b)(2)(A) hearing before an Immigration Judge. (See Filing No. 8 ¶ 10, 22, Filing No. 8-A). Petitioner was charged under § 212(a)(6)(A)(i)(I) (an alien present without admission or parole) and § 212(a)(7)(A)(i)(I) (immigrant without an immigrant visa) (*Id*. at 22). On August 5, 2026, an Immigration Judge determined that the Court did not have jurisdiction to issue a bond because Petitioner is an applicant for admission and is subject to mandatory custody pursuant to INA § 235(b)(2)(A). (See Filing No. 8 ¶ 10, 23, Filing No. 8-C). Therefore, bond was denied. *Id*.

Petitioner is now scheduled to appear before an Immigration Judge on September 4, 2026, regarding removal. (See Filing No. 8 ¶ 25).

During removal proceedings, aliens deemed "applicants for admission" shall be detained. 8 U.S.C. § 1225(b)(2)(A) provides: "Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Congress defined "applicant for admission" as the following: "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1); *see also Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

Petitioner remains detained in the McCook, NE jail, and Petitioner challenges Petitioner's temporary detention pursuant to 8 U.S.C. § 1225 by filing this Petition for Writ of Habeas Corpus. (*See generally* Filing No. 1.)  Petitioner seeks an Order from this Court to require the immigration court to release Petitioner or conduct a bond hearing pursuant to 8 U.S.C. § 1226 (*See Id.*). The "federal respondents" hereby file this response as their return.[1]

**STANDARD OF REVIEW**

In a petition for a writ of habeas corpus, the petitioner is challenging the legality of the restraint or imprisonment.  *See* 28 U.S.C. § 2241. The burden is on the petitioner to show the confinement is unlawful.  *See Walker v. Johnston*, 312 U.S. 275, 286 (1941). Specifically here,

---

[1] The federal respondents are all but the county sheriff and/or warden and will be collectively referred to as the United States.

3

Petitioner challenges Petitioner's temporary civil immigration detention pending Petitioner's removal proceeding.

Judicial review of immigration matters, including of detention issues, is limited. *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489-492 (1999); *Miller v. Albright*, 523 U.S. 420, 434 n.11 (1998); *Fiallo v. Bell*, 430 U.S. 787, 792 (1977); *Reno v. Flores*, 507 U.S. 292, 305 (1993); *Hampton v. Mow Sun Wong*, 426 U.S. 88, 101 n.21 (1976) ("the power over aliens is of a political character and therefore subject only to narrow judicial review"). The Supreme Court has thus "underscore[d] the limited scope of inquiry into immigration legislation," and "has repeatedly emphasized that over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens." *Fiallo*, 430 U.S. at 792 (internal quotation omitted); *Matthews v. Diaz*, 426 U.S. 67, 79-82 (1976); *Galvan v. Press*, 347 U.S. 522, 531 (1954).

The plenary power of Congress and the Executive Branch over immigration necessarily encompasses immigration detention, because the authority to detain is elemental to the authority to deport, and because public safety is at stake. *See Shaughnessy v. United States*, 345 U.S. 206, 210 (1953) ("Courts have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control."); *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and while arrangements were being made for their deportation."); *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

## ARGUMENT

### I.    PETITIONER IS LAWFULLY DETAINED PURSUANT TO 8 U.S.C. § 1225.

Pursuant to 8 U.S.C. § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a [removal proceedings]." 8 U.S.C. § 1225(b)(2)(A). Congress defined "applicant for admission" as the following: "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1).

The Eighth Circuit Court of Appeals held that an alien who was unlawfully present within the United States for years was nevertheless subject to the mandatory detention provision under 8 U.S.C. § 1225(b)(2)(A).  *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). ("§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States."). In so doing, the Eighth Circuit explained "seeking admission" in 8 U.S.C. § 1225(b)(2)(A) is not a distinct element as "seeking" and applying" are synonyms.  *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). ("the text here is clear that an 'applicant for admission' is also an alien who is 'seeking admission'").

That analysis is simple here. Petitioner is an "applicant for admission", which the statute defines as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Because Petitioner is unlawfully present in the United States and has not demonstrated to an examining immigration officer that Petitioner is "clearly and

beyond a doubt entitled to be admitted," (See Filing No. 8, pg. 4, ¶24), Petitioner's detention pending removal is mandatory. 8 U.S.C. § 1225(b)(2)(A).

**II.    PETITIONER'S TEMPORARY DETENTION DOES NOT OFFEND DUE PROCESS.**

Because 8 U.S.C. § 1225 applies and mandates Petitioner's detention, any argument of a constitutional violation is a challenge to the statute itself.  And once a mandatory detention statute applies, the Federal Respondents respectfully submit a Due Process challenging this detention is exceedingly weakened by the applicable caselaw. *See, e.g.*, *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024).

As mentioned above, and as the Eighth Circuit has established, Congress broadly crafted "applicants for admission" to include undocumented aliens present within the United States like Petitioner. *See* 8 U.S.C. § 1225(a)(1). And, Congress directed aliens like the Petitioner to be detained during their removal proceedings. 8 U.S.C. § 1225(b)(2)(A); *Jennings*, 583 U.S. at 297 ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded.").  Congress thus made a legislative judgment to detain undocumented aliens during removal proceedings, as they—by definition—have crossed borders and traveled in violation of United States law. That is the prerogative of the legislative branch serving the interest of the government and the United States.

The Supreme Court has recognized this profound interest. *See Shaughnessy v. United States*, 345 U.S. 206, 210 (1953) ("Courts have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.").  And with this power to remove aliens, the Supreme Court has recognized the United States' longtime Constitutional ability to detain those in removal proceedings. *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this

deportation procedure."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and while arrangements were being made for their deportation."); *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Jennings v. Rodriguez*, 583 U.S. 281, 286 (2018) ("Congress has authorized immigration officials to detain some classes of aliens during the course of certain immigration proceedings. Detention during those proceedings gives immigration officials time to determine an alien's status without running the risk of the alien's either absconding or engaging in criminal activity before a final decision can be made.").

In *Demore*, the Supreme Court explained Congress was justified in detaining aliens during the entire course of their removal proceedings who were subject to mandatory detention during those removal proceedings. 538 U.S. at 513. In that case, similar to undocumented aliens like Petitioner, Congress mandated detention pending removal for certain classes of aliens: in this case, aliens convicted of certain crimes under 8 U.S.C. § 1226(c).  See *Id.*  The Court emphasized the constitutionality of the "definite termination point" of the detention, which of course was the length of the removal proceedings.  *Id.* at 512.[2]

In doing so, the Supreme Court in *Demore* recognized "detention during deportation proceedings as a constitutionally valid aspect of the deportation process" while highlighting various historical Congressional measures mandating detention for entire classes of aliens that had been upheld as constitutional: for example, members of the Communist party (*Carlson v. Landon,* 342 U.S. 524 (1952)); and certain juveniles (*Reno v. Flores,* 507 U.S. 292 (1993)). The

---

[2] In 2018 the Court again highlighted the significance of a "definite termination point" for detention of certain aliens pending removal.  See *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018).

Court concluded it had a "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.*

Relying on this decision, the Eighth Circuit Court of Appeals upheld the detention of an alien under 8 U.S.C. § 1226(c)(1)(B) pending removal proceedings that exceeded a year. See *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). In that case, a former lawful permanent resident's status was stripped after being convicted of qualifying crimes under 8 U.S.C. §1227 and was therefore charged as removable. See *Id.* During his detention proceedings, he was mandatorily detained by federal statute under 8 U.S.C. § 1226(c)(1)(B). *Id.* The underlying removal litigation in immigration court involved numerous appeals to the BIA which lengthened the duration of the removal proceedings. See *Id.* And so while the petitioner had spent well over a year detained pending these lengthy removal proceedings, the Eighth Circuit unequivocally concluded that the detention was constitutionally permissible "when deportation is still on the table". *Id.* ("Due process imposes no time limit on detention pending deportation."). Indeed, the Court upheld the constitutionality of the petitioner's statutorily mandated detention pending removal for more than one year as "nothing suggests length determines legality." *Id.*

Likewise, Petitioner's temporary detention pending Petitioner's removal proceedings does not violate Due Process. Congress simply made the decision to detain Petitioner pending removal which is a "constitutionally permissible part of that process." See *Demore v. Kim*, 538 U.S. 510, 531 (2003); see also*, e.g., Boubacar v. Blanche*, No. 8:26CV59, 2026 WL 972708, at *1 (D. Neb. Apr. 10, 2026) (Bazis, J.); *Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *1 (D. Neb. Apr. 8, 2026) (Rossiter, J.); *Uulu v. Mullins*, No. 4:26CV3142, 2026 WL 1463690, at *1 (D. Neb. May 26, 2026) (Buescher, J.); *Mendoza-Diaz v. Warden of Mccook Det. Ctr.*, No. 8:26-CV-270, 2026 WL 1815472, at *1 (D. Neb. June 24, 2026) (Gerrard, J.);  but see*, e.g., Lazcano v. Mullin*, No.

8:26CV194, 2026 WL 1441700, at *1 (D. Neb. May 22, 2026) (Bataillon, J.) *appeal docketed*, No. 26-2059 (8th Cir. May 29, 2026).

## CONCLUSION

Petitioner fails to establish the temporary detention is unlawful. The Petition for Writ of Habeas Corpus should be dismissed. The Federal Respondents respectfully submit that the matter may be resolved without a hearing.

Respectfully submitted,

For the Federal Respondents.

LESLEY A. WOODS
United States Attorney
District of Nebraska

By:  s/ Shereece Dendy-Sanders
SHEREECE DENDY-SANDERS, #24638
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 661-3081
Email: shereece.dendy-sanders@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(1)(D), I certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Word for Office 365 MSO, this document contains 2,623 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

s/ Shereece Dendy-Sanders
Assistant U.S. Attorney

9