IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JORGE RAMIREZ CORTES,

Petitioner,

vs.

TODD BLANCHE, in his official capacity as Attorney General of the United States, et al.,

Respondents.

8:26-CV-419

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska, or in the alternative a custody redetermination and bond hearing. Filing 1. The petitioner was detained on July 6, 2026, and he alleges that his continued detention is unlawful. *See* filing 8 at 4; filing 1 at 4-9.

But the petitioner's transfer into ICE custody was his first contact with U.S. immigration authorities after his entry into the United States at an unknown time and place. *See* filing 1 at 4; filing 8 at 3-4. He doesn't claim that, prior to his detention, he had been admitted or paroled into the country. *See* filing 1 at 4. Accordingly, this case presents a straightforward application of the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026): The petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(A). The petitioner's counsel does not mention *Avila* in the petition, much less make any attempt to distinguish it. *See* filing 1.

The petitioner also asserts that his continued detention violates due process. *See* filing 1 at 8-9. This Court has held that under some circumstances,

for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026). The Court hasn't taken a position, to date, on the point at which a detention is so prolonged that a person's liberty interests are implicated. *Id.* at *4 n.1. But the petitioner's six-week detention remains presumptively reasonable at this point. *Cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice to reassertion.

2. A separate judgment will be entered.

Dated this 18th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge